IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  <u>CR-21-337-HE</u> |
| | ) | |
| LARRY GRANT TISDALE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO MODIFY HIS
<u>SENTENCE PURSUANT TO 28 U.S.C. § 2255 OR 18 U.S.C. § 3582(c)(2)</u>**

Defendant, proceeding pro so, seeks to vacate, set aside, or modify his sentence pursuant to 28 U.S.C. § 2255.[1]  (Doc. 105.)  In his motion, Defendant requests the Court re-sentence him without applying the two-point criminal history enhancement under USSG § 4A1.1(d). (*Id.*)     For the reasons set forth below, the Court should dismiss or deny Defendant's Motion.

**<u>Relevant Background</u>**

Mr. Tisdale was charged by indictment with Count One, Felon in Possession of Ammunition, and in Count Two, Felon in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Section 922(g)(1).[2]  (*See* Doc. 80 (PSR) at ¶ 1-

---

[1] Defendant cites to 28 U.S.C. § 2255(o)(3).  However, based on the substance of Defendant's motion, the United States construes the basis for Defendant's motion to implicate 28 U.S.C. § 2255(f)(3) and 18 U.S.C. § 3582(c)(2).
[2] Factual descriptions come from the adopted portions of Mr. Tisdale's presentence investigation and report (PSR).

2.)    This case arises out of an Oklahoma City Police Department (OCPD) surveillance operation at the Oklahoma City Fairgrounds gun show on October 10, 2021. (*Id.* at ¶ 14.) Undercover OCPD investigators surveilled shoppers at the gun show looking for suspicious transactions. Investigators observed Mr. Tisdale and his fiancé, Katina Watson, make two separate trips to the gun show that day. The couple returned to the gun show the second time and purchased a 9mm pistol, .380 ammunition, and several firearm magazines. (*Id.* at ¶ 15.) These items were seized from Mr. Tisdale's Suburban during a traffic stop shortly after they left the gun show (and form the basis for count 2). (*Id.* at ¶ 16.)

On March 24, 2022, Mr. Tisdale entered a guilty plea to Count Two of the Indictment pursuant to a plea agreement. (*Id.* at ¶ 4.) As part of the written plea agreement, Count One was dismissed and both parties agreed to waive the right to appeal or collaterally challenge the sentence imposed by the Court, except under limited circumstances. (Doc. 46 at 10-11.) On October 26, 2022, Mr. Tisdale was sentenced to 84 months' imprisonment. (Doc. 83.) Mr. Tisdale did not seek direct appeal. On July 28, 2023, Mr. Tisdale filed a motion under 28 U.S.C. § 2255 addressing the constitutionality of 18 U.S.C. § 922(g)(1) and claiming ineffective assistance of counsel. (Doc. 89.) Defendant filed the instant motion seeking a reduced sentence on November 25, 2025. (Doc. 105.)

<u>**Discussion**</u>

The Court should dismiss or deny Defendant's Motion because Amendment 821 does not impact Defendant's sentencing guideline range and to the extent Defendant's motion is based on 28 U.S.C. § 2255, the Court lacks jurisdiction to address the merits of the motion.

**I.      Amendment 821 does not impact Defendant's sentencing guideline range.**

Federal courts generally lack authority to modify a defendant's sentence except where Congress expressly authorizes it. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c).  But Congress has authorized the reduction of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a *sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)[.]"  18 U.S.C. § 3582(c)(2) (emphasis added).

Defendant's motion misinterprets Amendment 821 to the Guidelines by conflating criminal history points, criminal history category, and Total Offense Level.  (Doc. 105.) Defendant suggests that the amendment would reduce his Offense Level from 6 to 5.  (Id.) Likely, Defendant is alluding to his criminal history category which would remain unchanged at VI.  The only portion of Amendment 821 relating to Offense Level (part B) is inapplicable to Defendant.   Because Amendment 821 does not effectively lower Defendant's guideline range, he is not eligible for a sentence reduction based on the amendment.

Prior to November 1, 2023, the Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice

sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." (U.S. Sentencing Guidelines Manual § 4A1.1(d) (pre-amendment)). Beginning November 1, 2023, Amendment 821 to the Guidelines went into effect. In Part A of Amendment 821, the Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. Under Part B of Amendment 821, § 4C1.1(a) now provides a two-offense-level reduction for offenders who present with zero criminal history points if the offender satisfies ten prerequisites for eligibility, including that the offender did not possess a firearm in connection with the offense and did not receive an adjustment for an aggravating role in the offense. *See id.* § 4C1.1(a)(7), (10). The Commission determined that the above changes should apply retroactively.

Amendment 821 would operate to change Defendant's criminal history point total but would have no impact on the resulting guideline range. Application of Part A of Amendment 821 would change paragraph 57 of Defendant's amended final PSR (Doc. 80) to add one criminal history point instead of two. Consequently, paragraph 58 would reflect a total of 19 instead of 20 total criminal history points. However, this modification would have no impact on Defendant's guideline range since 19 criminal history points is well above the minimum 13 criminal history points required for the highest criminal history category of VI. Furthermore, Defendant does not qualify for Part B of Amendment 821 since he is not a zero-point offender and he possessed a firearm in connection with his offense. Therefore, Defendant's offense level is not impacted, and his guideline range

calculation remains 77 to 96 months.  (PSR ¶ 110 as recalculated by the district court's ruling memorialized in Statement of Reasons, Doc. 84, ¶ I(B)(1).)

## II.    Lack of Jurisdiction

To the extent Defendant's motion is construed as a motion brought under 28 U.S.C. § 2255, the Court should dismiss Defendant's Motion for lack of jurisdiction.  More specifically, because Defendant's motion is a "second or successive" Section 2255 motion that the Tenth Circuit did not authorize, the Court lacks jurisdiction to address the merits of the motion.

### A. Defendant's Motion is a successive Section 2255 petition that the Tenth Circuit did not authorize.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), after a federal prisoner has filed one post-judgment habeas petition, a subsequent post-judgment motion constitutes a "second or successive" 2255 motion if the latter motion "asserts or reasserts claims of error in the prisoner's conviction" or sentencing.  *United States v. Williams*, 790 F.3d 1059, 1067 (10th Cir. 2015); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (defining a Section 2255 motion as a motion "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence").  To determine whether a post-judgment motion is successive under the AEDPA, courts look to the "relief sought, rather than [the] pleading's title or its form." *Williams*, 790 F.3d at 1068.

Before a defendant may file a second or successive Section 2255 Motion, the defendant must obtain prior approval from the appropriate court of appeals authorizing the district court to consider the successive motion.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  To obtain such approval, the defendant must demonstrate that his proposed claims either (1) "depend on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," or (2) "rely upon a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008) (quoting 28 U.S.C. §§ 2255(h)(1), (2)).

Defendant filed his previous Section 2255 motion on July 28, 2023.  (Doc. 89.)  In that motion, Defendant contested the constitutionality of 18 U.S.C. § 922(g)(1) and claimed ineffective assistance of counsel.  (*Id.*)  As such, the at-issue Motion constitutes a successive Section 2255 motion.

Moreover, the at-issue Motion is unauthorized by the Tenth Circuit.  Indeed, nothing in the record indicates that Defendant obtained—or even sought—Tenth Circuit authorization to file a successive Section 2255 motion.  Therefore, the Court lacks jurisdiction to consider Defendant's claim.  *See, e.g.*, *In re Cline*, 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive [Section 2255] claim until this court has granted the required authorization."); *McAdams v. United States*, No. 23-CV-04081-ESK, 2024 WL 4100368, at *4 (D.N.J. Sept. 6, 2024), *certificate of appealability denied*, No. 24-2755, 2025 WL 869496 (3d Cir. Feb. 10, 2025)

(finding that the petitioner needed to ask the Third Circuit for "permission to file a § 2255 motion based on *Erlinger* before [the district court] would have jurisdiction to consider it").

**B. The Court should dismiss—rather than transfer—Defendant's Motion because the Motion fails to satisfy any authorization standard under 28 U.S.C. § 2255(h).**

When faced with a successive Section 2255 motion that the appropriate court of appeals did not authorize, a district court has two options: transfer the matter to the court of appeals if the district court determines "it is in the interest of justice to do so," or dismiss the motion for lack of jurisdiction. *In re Cline*, 531 F.3d at 1252. Courts should consider the following factors when deciding whether a transfer is in the interest of justice: (1) "whether the claims would be time barred if filed anew in the proper forum"; (2) "whether the claims alleged are likely to have merit"; and (3) "whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251. "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." *United States v. Lara-Jimenez*, 377 F. App'x 820, 822 (10th Cir. 2010).

In this case, the Court should dismiss, rather than transfer, Defendant's Motion because the Motion is untimely and "fails on its face to satisfy any of the authorization standards" set out in 28 U.S.C. § 2255(h)(1) and (2). *In re Cline*, 531 F.3d at 1252.

1. **Defendant's Motion is untimely under 28 U.S.C. § 2255(f).**

As to timeliness, 28 U.S.C. § 2255(f) imposes a one-year statute of limitations on Section 2255 motions. Defendant fails to cite to any facts which would authorize the filing of his motion beyond the normal timeline.

2. **Defendant's Motion fails on its face to satisfy any of the authorization standards under 28 U.S.C. § 2255(h).**

Defendant's inability to satisfy any of the authorization standards under 28 U.S.C. § 2255(h) also favors dismissal. As to Section 2255(h)(1), Defendant does not put forth any newly discovered evidence that would establish by "clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." 28 U.S.C. § 2255(h)(1). As such, Section 2255(h)(1) does not provide any basis for authorization of the at-issue Motion. Neither does Mr. Tisdale reference any "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." As such, Section 2255(h)(2) does not provide any basis for authorization of the at-issue Motion.

Accordingly, a transfer of the at-issue Motion is not in the interest of justice as the Motion is untimely and fails to satisfy the standards of 28 U.S.C. § 2255(h) on its face. *Lara-Jimenez*, 377 F. App'x at 822. As such, dismissal of Defendant's Motion is appropriate. *See United States v. Gwathney*, 365 F. App'x 147, 150 (10th Cir. 2010) ("[N]o reasonable jurist could debate the correctness of the district court's conclusion that [the] motion does not satisfy the standards for authorization of a successive § 2255 motion and

it would therefore not be in the interests of justice to transfer his motion to our court.").

Accordingly, the Court should dismiss Defendant's Motion for lack of jurisdiction.

## Conclusion

In conclusion, the Court should dismiss or deny Defendant's Motion (Doc. 105), because the defendant is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, and to the extent Defendant's motion is based on 28 U.S.C. § 2255, the Court lacks jurisdiction to address the merits of the motion.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

*s/Daniel D. Gridley, Jr.*
DANIEL D. GRIDLEY, JR.
Assistant United States Attorney
OK Bar No. 17501
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8760(Office)
(405) 553-8888 (Fax)
daniel.gridley.jr@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2026, I served the attached document by first class mail on the following, who is not registered participants of the ECF System: Larry Grant Tisdale, Jr., # 15668-064, FCI El Reno, 4205 OK-66, El Reno, OK  73036

s/DANIEL D. GRIDLEY, JR.
Assistant United States Attorney