# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| -vs- | ) | NO. CR-21-00337-001-HE |
| LARRY GRANT TISDALE, JR., | ) | |
| Defendant. | ) | |

## ORDER

Defendant Larry Grant Tisdale, Jr., proceeding *pro se*, has filed a motion to set aside and/or amend his sentence pursuant to 28 U.S.C. § 2255, based on the application of Amendment 821 to the U. S. Sentencing Guidelines. The government has responded in opposition to the motion.

To the extent the motion is viewed as one based on 28 U.S.C. § 2255, the statute explicitly invoked by the motion, the motion must be dismissed for lack of jurisdiction. This motion would be defendant's second § 2255 motion, as an earlier one [Doc. #89] was denied [Doc. # 102, Doc. # 103]. In order for the district court to consider a "second or successive" motion, petitioner must first obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2255(h). Here, there is no indication defendant sought or received authorization from the Tenth Circuit Court of Appeals to pursue this motion. And defendant's motion does not satisfy § 2255(h)'s strict requirements to warrant a transfer of the motion to the Tenth Circuit Court of Appeals for authorization. *Id*. It must therefore be dismissed. And a certificate of appealability will be denied because defendant cannot

show that "'jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

To the extent defendant is seeking relief based on the retroactive application of Amendment 821 to the U. S. Sentencing Guidelines, no basis for relief has been shown here even if the court otherwise had jurisdiction to grant it. As the government notes, sentence modifications based on changes to the sentencing guidelines are ordinarily brought pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a court to reduce a defendant's sentence where a subsequent change in the U. S. Sentencing Guidelines, if it had been in force at the time of sentencing, would have resulted in a lower guideline range, and the Sentencing Commission has determined the amendment should apply retroactively. Here, Amendment 821, which has been deemed retroactive by the Commission, would change the calculation of criminal history points based on defendant's status from 20 to 19. Presentence Investigation Report [Doc. #80, para. 58]; Amendment 821, Part A. However, 19 criminal history points still results in a criminal history category of VI, hence defendant's guideline range (77-96 months), which was based on a criminal history category of VI and total offense level of 21, does not change even if Amendment 821 is applied. Since the defendant's sentencing guideline range has not "subsequently been lowered," there is no basis for relief even if it had been sought under 18 U.S.C. § 3582(c)(2).

For these reasons, defendant's motion [Doc. #105] is **DISMISSED**. To the extent defendant's motion is viewed as one based on 28 U.S.C. § 2255, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

Dated this 28th day of January, 2026.

                                                JOE HEATON
                                                UNITED STATES DISTRICT JUDGE